## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **LARRY K. DAVIS and BRENDA DAVIS,** | ) ) ) | |
| **Plaintiffs,** | ) ) | |
| **vs.** | ) ) | **CIVIL ACTION NO. 17–0068–CG–B** |
| | ) ) | |
| **THE HILLMAN GROUP, INC., SALTER HARDWARE, INC., and DO IT BEST CORPORATION,** | ) ) ) ) | |
| **Defendants.** | ) | |

## ORDER

This matter is before the Court on the Report and Recommendation of the Magistrate Judge (Doc. 12), dated June 28, 2017, and Defendant The Hillman Group, Inc.'s objections (Doc. 13) thereto. After due and proper consideration of all portions of this file deemed relevant to the issues raised, and a *de novo* determination of those portions of the recommendation to which objection is made, the Court overrules Defendant's objections and adopts the Report and Recommendation, as modified in this Order and Opinion.

## I. Background

Plaintiffs Larry and Brenda Davis, both Alabama citizens, brought this laswsuit in state court, alleging nine causes of action relating to the failure of

wooden screws in a ladder the Davises' son built. Plaintiffs purchased the allegedly defective screws from Defendant Salter Hardware, Inc. ("Salter Hardware"), which in turn had obtained the screws from Defendant Do It Best Corporation ("DIB Corp.") and Defendant The Hillman Group, Inc. ("THG"). (*See* Doc. 1-1, p. 16). THG removed the action to this Court on the basis of diversity jurisdiction and has requested this Court to disregard Salter Hardware's Alabama citizenship because it has been improperly joined. (*See* Doc. 12, pp. 2–3). To support removal, THG submitted two affidavits from the other Defendants. In the first, Gerald Salter of Salter Hardware stated Salter Hardware sells the screws in the store and thus acts as a "mere conduit" because Salter Hardware receives them in a sealed box and sells them in the same state; he further asserted Salter Hardware does not manufacture, inspect, or test the screws. (Doc. 1-1, pp. 1–2). In the second affidavit, Steve Markley, the Vice President of Merchandising for DIB Corp., testified that DIB Corp. purchases screws from various vendors, including THG, and resells them to "independently owned and operated members like Salter Hardware." *Id.* at p. 8. He further confirmed DIB Corp. receives the screws in sealed packaging and distributes them to hardware stores, like Salter Hardware, in that same packaging. *Id.*

Plaintiffs aver Salter Hardware is not an "innocent seller" protected by Alabama Code § 6–5–521(b) and contend they have alleged sufficient facts to state a plausible claim against Salter Hardware on the basis of its

independent conduct. THG disagrees, arguing Plaintiffs have not provided specific allegations against Salter Hardware and are thus unable to state a valid claim.

In the Report and Recommendation, the Magistrate Judge concluded Plaintiffs have leveled sufficient allegations against Salter Hardware in the sixth cause of action for fraudulent misrepresentation. The Magistrate Judge found Salter Hardware is not immune to suit, despite the protections of Alabama Code § 6–5–521(b):

> Although Plaintiffs' fraudulent misrepresentation claim is disjointed, a fair reading of the entire complaint includes allegations that around the time the screws were purchased from Salter [Hardware], Defendants, including Salter, made false representations to Plaintiffs which Plaintiffs relied on to their detriment.[1] According to Plaintiffs, Defendants, including Salter, knew or had reason to know that Plaintiffs were acquiring the subject wood screws for outdoor construction projects utilizing wood framing, that Plaintiffs were replying on Defendants' superior skill, judgment, and experience in selecting the proper wood screws for their projects, that Defendants represented to Plaintiffs that the wood screws had been tested and were appropriate for their intended use, that the representations were false, misleading or made with reckless disregard for the truth, and that Plaintiffs reasonably relied upon said misrepresentation in purchasing and using the screws to their detriment. These allegations focus on alleged conduct by Salter and the other Defendants that is arguably separate and apart from the design, manufacture and marketing of the wood screws. In the absence of guidance by an Alabama court as to what conduct falls outside the protection afforded by the Innocent Seller Act, the undersigned cannot conclude that [THG] has met its heavy burden of showing that there is no possibility Plaintiffs can establish a cause of action against Salter.

(Doc. 12, pp. 16–17). In finding the possibility of a cause of action against Salter Hardware, the Magistrate Judge recommended the Plaintiffs' motion to remand (Doc. 5) be granted on the basis that complete diversity does not exist.

## II. THG's Objections

THG objects to the Magistrate Judge's recommendation on the basis that Count Six (fraudulent misrepresentation) fails to comply with the heightened pleading standards of Alabama Rule of Civil Procedure 9(b). Specifically, THG contends Plaintiffs failed to identify the individual(s) who made the misleading statements, which violates the pleading requirements. *See generally* Doc. 13, pp. 10–13.

## III. Analysis

This Court may exercise federal diversity jurisdiction when the amount in controversy exceeds $75,000 and when the action is between citizens of different states. *See* 28 U.S.C. § 1332(a)(1). The Court must simultaneously guard against improper removal and protect a defendant's right to remove, when properly invoked. In doing so, "'federal courts are directed to construe removal cases strictly'" such that "all doubts about jurisdiction should be resolved in favor of remand to state court." *Dalraida Props., Inc. v. ElastiKote, LLC*, No. 2:14cv1213–MHT (WO), 2015 WL 4393158, at *2 (M.D. Ala. July 15, 2015) (quoting *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999)). THG carries a "heavy"

burden to prove Salter Hardware is an improperly joined party. *Id.* (citing *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998)). To do so, THG must prove, by clear and convincing evidence, that: "(1) there is no possibility the plaintiff can establish a cause of action against the [non-diverse or] resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." *Id.* (internal marks and citations omitted). To engage in this analysis, the Court must look to the pleadings at the time of removal. *Id.* Because the review of the Report and Recommendation is *de novo*, the Court will assess all the counts as they currently stand.

## A. Plaintiffs' Causes of Action against Salter Hardware

Plaintiffs have alleged the following causes of action against the various Defendants, including Salter Hardware: (1) negligence or gross negligence, (2) the Alabama Extended Manufacturer's Liability Doctrine, (3) implied warranty of fitness for a particular purpose, (4) implied warranty of merchantability, (5) express warranty, (6) fraudulent misrepresentation, (7) Magnuson-Moss Warranty Act, (8) vicarious liability or respondeat superior, and (9) loss of consortium. (*See* Doc. 1-1). An analysis of the impact of Ala. Code § 6–5–521 informs the question of whether Plaintiffs state a cause of action against Salter Hardware for either negligence or misrepresentation. Section 6–5–521 codifies who may bring a product liability action:

> A "product liability action" means any action brought by a natural person for personal injury, death, or property

> damage caused by the manufacture, construction, design, formula, preparation, assembly, installation, testing, warnings, instructions, marketing, packaging, or labeling of a manufactured product when such action is based up (1) negligence, (2) innocent or negligent misrepresentation, (2) the manufacturer's liability doctrine, (4) the Alabama extended manufacturer's liability doctrine as it exists or is hereafter construed or modified, (5) breach or any implied warranty, or (6) breach of any oral express warranty and no other.

Ala. Code § 6–5–521(1). In 2011, the Alabama Legislature amended this section to "significantly limit[ ] a consumer's ability to bring such actions against a 'distributor.'" *Dalraida Props., Inc.*, 2015 WL 4393158 at *6. The "Innocent Sellers" statute provides,

> No product liability action may be asserted or may be provided a claim for relief against any distributor, wholesaler, dealer, retailer, or seller of a product, or against an individual or business entity using a product in the production or delivery of its services (collectively referred to as the distributor) unless any of the following apply:
> (1) The distributor is also the manufacturer or assembler of the final product and such act is causally related to the product's defective condition.
> (2) The distributor exercised substantial control over the design, testing, manufacture, packaging, or labeling of the product and such act is causally related to the product's condition.
> (3) The distributor altered or modified the product, and the alteration or modification was a substantial factor in causing the harm for which recovery of damages is sought.
> (4) It is the intent of this subsection to protect distributors who are merely conduits of a product. This subsection is not intended to protect distributors from independent acts unrelated to the product design or manufacture, such as independent acts of negligence, wantonness, warranty violations, or fraud.

Ala. Code § 6–5–521(b). The question before the Court is "whether [Plaintiffs'] claim[s] plausibly rise[ ] to the level of an independent act unrelated to the product design or manufacture." *Lazenby v. Exmark Manuf. Co., Inc.*, No. 3:12–CV–82–WKW [WO], 2012 WL 3231331, at *3 (M.D. Ala. Aug. 6, 2012). As other Alabama courts have noted, "while § 6–5–521(b) is clearly meant to protect sellers who unknowingly sell products that later prove to be defective, it is plausible that the drafters of legislation entitled the Innocent Sellers Act did not intend for it to immunize sellers who deliberately choose to sell dangerous products to unwary consumers." *Barnes v. General Motors, LLC*, No. 2:14–cv–719–AKK, 2014 WL 2999188, at *5 (N.D. Ala. July 1, 2014) (internal citations omitted). Only two of Plaintiffs' claims might survive the analysis of "independent acts": Count One (negligence) and Count Six (fraudulent misrepresentation).

*1. Plaintiffs' Negligence Claim*

In the first cause of action, Plaintiffs allege Defendants collectively breached their duty of "reasonable and ordinary care in the manufacture, formulation, deign, distribution, delivery, supplying, inspection, warning, testing, marketing, sale, warranting, advertising, and/or application of the wood screws." (Doc. 1-1, p. 18). A thorough review of the language throughout the first cause of action indicates Plaintiffs do not allege any "independent acts" of negligence that are "unrelated to the product design or manufacture." *See Dalraida Props, Inc.*, 2015 WL 4393158 at *7. As such, the Court must

conclude the Innocent Sellers Act protects Salter Hardware as a "mere conduit" of the product and precludes this particular negligence claim against it.

*2. Plaintiffs' Fraudulent Misrepresentation Claim*

The Court agrees with the Magistrate Judge's assessment that the allegations of Count Six "focus on alleged conduct by Salter and the other Defendants that is arguably separate and apart from the design, manufacture and marketing of the wood screws." (Doc. 12, pp. 16–17). "A fraudulent-misrepresentation action is governed by § 6–5–101, Ala. Code 1975, which provides that '[m]isrepresentation of a material fact made willfully to deceive, or recklessly without knowledge, and acted on by the opposite party, or if made by mistake and innocently and acted on by the opposite party, constitute legal fraud.'" *Wyeth, Inc. v. Weeks*, 159 So. 3d 649, 656 (Ala. 2014). "A claim of fraudulent misrepresentation comprises the following elements: '(1) a false representation (2) concerning a material fact (3) relied upon by the plaintiff (4) who was damaged as a proximate result.'" *Id.* (quoting *Fisher v. Comer Plantation*, 772 So. 2d 455, 463 (Ala. 2000)). Further, "an essential element of fraudulent-misrepresentation and fraudulent-suppression claims is a duty to disclose." *Nesbitt v. Frederick*, 941 So. 2d 950, 955 (Ala. 2006).

Defendant THG acerbically criticizes this Court for lacking awareness of Alabama Rule of Civil Procedure 9(b) in its haste to "posture [itself] as

sentries guarding the Holy Grail" of federal jurisdiction. (*See* Doc. 13, pp. 1–4, 10–13). Although the Magistrate Judge did not fully explain the relationship between pleading standards and judicial review of improper joinder, readily available case law demonstrates THG's assessment of this Court's "'thumb-on-the-scale' presumption against removal" is undeniably inaccurate and—it should go without saying—insolent. In fact, this very Court has addressed the matter at hand thoroughly[1]:

> In making this fraudulent joinder argument, however, [Defendants] overlook, as GMAC did in *Grady Brothers Investments, LLC v. General Motors Acceptance Corp.*, 2007 WL 4577701 (S.D. Ala. Dec. 27, 2007), "Eleventh Circuit precedent counseling district courts that '[o]ur task is not to gauge the sufficiency of the pleadings,' in the fraudulent joinder context, inasmuch as 'the decision as to the sufficiency of the pleadings is for the state courts, and for a federal court to interpose its judgment would fall short of the scrupulous respect for the institutional equilibrium between the federal and state judiciaries that our federal system demands.'" *Id.* at *6 (quoting *Henderson v. Washington National Ins. Co.*, 454 F.3d 1278, 1284 (11th Cir. 2006)).
>
> > Besides, it has generally been held that the remedy for failure to satisfy Rule 9(b) is not dismissal on the merits, but rather is an opportunity for the plaintiff to replead. To be sure, "[f]ailure to satisfy Rule 9(b) is a ground for dismissal of a complaint." Nonetheless, it has been recognized that a court should not dismiss a claim for

---

[1] Rule 9(b) of the Alabama Rules of Civil Procedure provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity," as does Rule 9(b) of the Federal Rules of Civil Procedure. *Compare* ALA. R. CIV. P. 9(b) *with* FED. R. CIV. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.").

> noncompliance with Rule 9(b) "without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so." Thus, whether the First Amended Complaint satisfies Rule 9(b) is an ancillary procedural question divorced from the legal question animating the fraudulent joinder inquiry, to-wit: whether there is any possibility that plaintiff's claims against the non-diverse defendant are cognizable under state law. Regardless of the outcome of the Rule 9(b) inquiry, there is at least a possibility that (with or without repleading) Grady could state a viable misrepresentation claim against MMSI under Alabama law.[] No further examination of the Rule 9(b) issue is necessary at this juncture.

*Mattox v. State Farm Fire and Cas. Co.*, No. --, 2012 WL 3870392, at *20 (S.D. Ala. Aug. 15, 2012) (quoting *Grady Bros. Investments, LLC*, 2007 WL 4577701 at * 6 n. 15) (internal citations omitted); *see also Hosea v. Jones*, No. 14–414–CG–B, 2014 WL 5846395, at *3 (S.D. Ala. Nov. 12, 2014) ("Further, while the Alabama Supreme Court has explained that Alabama's Rule 9(b) particularity requirement means that '[t]he pleader must state the place, the time, the contents of the false misrepresentations, the fact misrepresented, and an identification of what has been obtained,' it has generally been held that the remedy for failure to satisfy Rule 9(b) is not dismissal on the merits, but rather is an opportunity for the plaintiff to replead.") (internal citations omitted).

In consideration of the fact that Plaintiffs have not yet had an opportunity to amend their complaint to comply with the Alabama Rule of Civil Procedure 9(b) pleading requirements, this Court will not usurp the Alabama court's rights to grant both Plaintiffs and Defendants the "equal dignity" THG so deeply craves. Further, this Court will not evaluate the sufficiency of Plaintiffs' pleading of their misrepresentation claim and defers to the sound judgment of the Circuit Court of Conecuh County.

## IV. Conclusion

For the reasons stated above, the Court declines THG's invitation to open the sentry-guarded gates of federal jurisdiction. The Court finds THG has failed to meet its "heavy" burden to prove improper joinder of a non-diverse defendant and, as such, **OVERRULES** its objections (Doc. 13) to the Magistrate Judge's Report and Recommendation (Doc. 12). The Court further **ADOPTS** the Report and Recommendation **with the amendments** set forth herein and thus **GRANTS** Plaintiffs' motion to remand this action to the Circuit Court of Conecuh County, Alabama.

**DONE** and **ORDERED** this 2nd day of August, 2017.

/s/ Callie V. S. Granade
SENIOR UNITED STATES DISTRICT JUDGE